UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:23-CR-00208-FDW-SCR

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| MAXIE ORR JR., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant's Objections to the Magistrate Judge's Memorandum and Recommendation ("M&R"). (Doc. No. 48.) Defendant seeks review of the Magistrate Judge's M&R, (Doc. No. 41), regarding Defendant's Motion to Suppress. (Doc. No. 28.) The Court has reviewed the docket, both parties' filings and exhibits, and the transcript of the hearing, which includes both parties' evidence and arguments. For the reasons set forth below, the Court **AFFIRMS and ADOPTS** the M&R, **OVERRULES** Defendant's Objections, and **DENIES** Defendant's Motion to Suppress.

### I. BACKGROUND

On September 20, 2023, a grand jury indicted Defendant Maxie Orr Jr. on one count of possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1). (Doc. No. 1.) On May 21, 2024, Defendant filed his Motion to Suppress and memorandum in support. (Doc. No. 28.) Defendant seeks to suppress evidence found and statements made during an April 22, 2023, traffic stop and search of his wife's vehicle, which he was driving. Defendant claims: (1) he had a reasonable expectation of privacy in the car he was driving, which his wife recently purchased; (2) law enforcement officers violated the Fourth Amendment when they extended the traffic stop beyond a reasonable time without consent or reasonable articulable suspicion of criminal activity,

1

unlawfully seizing him; and (3) the warrantless search of his vehicle violated the Fourth Amendment because the officers conducted it without consent, reasonable suspicion under Terry v. Ohio, 392 U.S. 1 (1968), or probable cause. Further, Defendant argues that to the extent facts elicited from Officer Miller's testimony support reasonable suspicion or probable cause, that testimony is unreliable.[1]

On May 31, 2024, the United States filed its response. (Doc. No. 30.) The United States argues law enforcement officers conducted a lawful traffic stop of Defendant after they observed suspicious behavior in a gas station parking lot, and because the vehicle he was driving did not display a registration tag. Further, the United States argues officers had probable cause to search Defendant's vehicle after Officer Miller detected the odor of marijuana under the automobile exception to the Fourth Amendment.

On July 17, 2024, the Magistrate Judge held an evidentiary hearing. Officers Miller and Stapleton with the Mecklenburg County Police Department testified at the hearing, and both parties submitted exhibits. (Doc. No. 35.) On September 30, 2024, after reviewing additional briefing, the Magistrate Judge issued an M&R recommending the Court deny Defendant's Motion. (Doc. No. 41.) The Magistrate Judge concluded: (1) officers conducted a lawful traffic stop after observing Defendant driving a vehicle without a registration tag; (2) officers did not unreasonably delay the traffic stop; and (3) before the traffic stop was complete, Officer Miller detected the odor of marijuana, which gave him probable cause to search under current Fourth Circuit precedent. The M&R declined to address the United States's argument that officers had reasonable articulable suspicion that Defendant was engaged in drug activity. (Doc. No. 41, p. 11, n.7.)

---

[1] Defendant raised this argument in additional briefing, (Doc. No. 36), which the Magistrate Judge allowed after the hearing, during which Defendant called Officer Stapleton to testify. (Doc. No. 35, p. 81–82.) The United States submitted supplemental briefing in response. (Doc. No. 39.)

Defendant filed Objections to the M&R. (Doc. No. 48.) The United States did not file a response.

## II. STANDARD OF REVIEW

A district court may refer a motion to suppress to a magistrate judge for a recommendation pursuant to Federal Rule of Criminal Procedure 59(b)(1). A party may file written objections to a magistrate judge's memorandum and recommendation within fourteen days of being served with a copy. 28 U.S.C. § 636(b)(1)(C).[2] "'Any written objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.'" Morgan v. N.C. Dep't of Health & Human Servs., 421 F. Supp. 2d 890, 893 (W.D.N.C. 2006) (emphasis in original) (quoting Thomas v. Westinghouse Savannah River Co., 21 F. Supp. 2d 551, 560 (D.S.C. 1997)). Parties "must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007), cert. denied, 551 U.S. 1157 (2007). Objections which "merely express disagreement with the magistrate's Report and Recommendation . . . in lieu of any actual argument or specific assertion of error" do not sufficiently direct a court to a specific error. Lowdermilk v. LaManna, No. 8:07-2944-GRA, 2009 WL 2601470, at *2 (D.S.C. Aug. 21, 2009). "Frivolous, conclusive or general objections need not be considered by the district court." Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987). "A general objection, or one that merely restates the argument previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." Aldrich v. Bock, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004).

---

[2] Defendant filed his objections outside the fourteen-day window with leave of Court. (Doc. Nos. 44, 46; Text Order Oct. 10, 2024; Text Order Nov. 6, 2024.)

A reviewing court must take a deferential standard regarding the credibility of witnesses where the magistrate judge sits as a trier of fact. See McNairn v. Sullivan, 929 F.2d 974, 977 n.3 (4th Cir. 1991); United States v. MacConnell, No. 3:10-CR-9-FDW-DCK, 2010 WL 3399166, at *2 (W.D.N.C. 2010). Some courts have explicitly adopted a deferential standard of review for credibility determinations when the magistrate judge heard the live testimony and observed the demeanor of the witnesses. See, e.g., United States v. Gibbs, 421 F.3d 352, 357 (5th Cir. 2005) ("In [making a de novo determination], the district court need not re-hear testimony from the suppression hearing; its deference to the magistrate's credibility determinations is appropriate when they are supported by the record.").

"Absent a specific, proper, and timely filed objection, the Court reviews only for 'clear error,' and need not give any explanation for adopting the M&R." United States v. Brooks, 599 F. Supp. 3d 337, 340 (W.D.N.C. 2022); see also Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). If proper objections are made, a district court will review the objections under a *de novo* standard. 28 U.S.C. § 636(b)(1)(C). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### III. FINDINGS OF FACT

The Magistrate Judge entered findings of fact based on the testimony and evidence received at the hearing. (Doc. No. 41, pp. 3–10.) As Defendant notes "[t]he events that occurred between the initiation of the traffic stop and the point where Officer Miller returned to Mr. Orr's car a second time are documented on the officers' [body-worn camera] videos and are largely undisputed." (Doc. No. 48, p. 11.) However, Defendant lodges several specific factual objections to the facts as laid out in (or as omitted from) the M&R, including specific citations.

First, Defendant objects that several facts were omitted from the M&R. The M&R did not specifically state that when Officer Stapleton returned to the squad car after speaking with Defendant, Officer Miller stopped typing on his computer twice, for a total of approximately forty-six seconds. (Doc. No. 48, p. 15; Def. Ex. 1 at 8:20-8:54; 9:15-9:27.) The M&R did not include that when Officer Stapleton returned to Defendant's car to speak with him and then spoke to his wife, she was not helping with traffic ticket tasks. (Doc. No. 48, p. 15.) Finally, Defendant did not spontaneously choose to summarize his conversation with Officer Stapleton to Officer Miller. He did so in response to a question from Officer Miller. (Doc. No. 48, p. 19.) The Court **OVERRULES** these objections. The evidentiary basis for the facts Defendant identifies are included in the record and speak for themselves. (Doc. No. 35; Def. Ex. 1; Def Ex. 2.) The M&R sets forth the narrative of the traffic stop giving rise to the charges in this case and Defendant's Motion over seven pages, and the Magistrate Judge made a recommendation "[f]ollowing the Suppression Hearing and consideration of all evidence." (Doc. No. 41, p. 2.) This Court will do the same, including Defendant's objections. The undersigned will not restate the Magistrate Judge's factual findings due to omissions which, for the reasons set forth below, the Court concludes do not change the outcome of Defendant's Motion.

Second, Defendant objects to the Magistrate Judge's decision not to make findings of fact concerning the officers' observations of Defendant at the gas station before initiating the stop. (Doc. No. 48, pp. 3, 36–47.) The Court **OVERRULES** Defendant's objection. For the same reasons set forth in the M&R, and as explained further below, the Court need not address the United States's argument that officers had reasonable suspicion Defendant was engaged in drug activity. Therefore, the Court will not make findings of fact concerning events preceding the traffic stop, which relate only to that inquiry.

The Court also **OVERRULES** Defendant's objection to the Magistrate Judge's finding that Officer Miller smelled marijuana. (Doc. No. 48, p. 18–19.) In short, the premise underlying this objection is that the Magistrate Judge incorrectly assessed the witnesses' credibility and failed to account for purported discrepancies between Officer Miller's testimony and Officer Stapleton's.

In overruling this objection, the Court notes that a reviewing court must take a deferential standard regarding the credibility of witnesses where the Magistrate Judge sits as the trier of fact. See United States v. Brooks, No. 1:05CR248-1, 2006 WL 695079, at *1–2 (W.D.N.C. Mar. 15, 2006); United States v. Abu Ali, 528 F.3d 210, 232 (4th Cir. 2008); McNairn v. Sullivan, 929 F.2d 974, 977 n.3 (4th Cir. 1991); Columbus–Am. Discovery Group v. Atl. Mut. Ins. Co., 56 F.3d 556, 567 (4th Cir. 1995) ("In the usual case, the fact finder is in a better position to make judgments about the reliability of some forms of evidence than a reviewing body acting solely on the basis of a written record of that evidence. Evaluation of the credibility of a live witness is the most obvious example.").

The Court agrees with the Magistrate Judge's findings of witness credibility with regard to the officers' testimony, including with respect to the discrepancies between Officer Miller's testimony and Officer Stapleton's. Specifically, Defendant argues "it is not possible" Officer Miller smelled marijuana because the marijuana ultimately recovered was in a sealed glass mason jar. (Doc. No. 48, p. 19.) The Court is not persuaded to overrule the Magistrate Judge's determination on this basis where (1) Defendant admitted to smoking marijuana earlier in the day; and (2) there is no evidence in the record about how recently the jar may have been opened, releasing the odor of marijuana into Defendant's vehicle. Further, the M&R plainly considered the tension between Officer Miller's testimony and Officer Stapleton's in its reasoning regarding credibility. (Doc. No. 41, pp. 19–20.) While Officer Miller's tenure as an officer is a relevant

6

consideration that Defendant argues cuts against credibility here, the Court concludes it is insufficient on this record to support his objection. The Magistrate Judge presided over the evidentiary hearing and was in the best position to make determinations regarding credibility. Furthermore, the undersigned has reviewed the record, particularly witness testimony, and finds the Magistrate Judge's credibility findings to be consistent with the evidence in the record.

## IV. ANALYSIS

Defendant objects to the M&R's legal conclusions that the officers: (1) did not unlawfully extend the traffic stop to pursue a drug investigation unrelated to the purpose of the stop; and (2) had probable cause to search Defendant's vehicle based on the odor of marijuana. Following *de novo* review, the Court overrules these objections and affirms the M&R.

**A.      Extension and Scope of the Traffic Stop**

Shortly after midnight on April 22, 2023, Officers Miller and Stapleton of the CMPD initiated a traffic stop of the vehicle Defendant was driving because it did not display a registration tag. (Doc. No. 35, p. 13:14–25.) Defendant concedes the officers lawfully stopped him based on this infraction. (Doc. No. 48, p. 2.) But he argues the officers improperly prolonged the stop to investigate matters unrelated to the registration tag offense in violation of the Fourth Amendment. (Id., pp. 22–36.) Defendant specifically objects to the M&R's conclusion that the officers pursued their tasks—including tasks related to "officer and highway safety"—with diligence and did not violate the Fourth Amendment. (Doc. No. 41, pp. 12–18.) The M&R further concluded "the Officers did not depart from the mission of the traffic stop," a conclusion to which Defendant also objects. (Id., p. 21; Doc. No. 48, p. 24.)

In his objections, Defendant argues Officer Miller unlawfully prolonged the traffic stop when he asked two questions—about the identity of a man he observed with Defendant at a gas

7

station, and about a plastic bag in plain view in the door of the vehicle. (Doc. No. 48, p. 27.) These two conversations spanned approximately forty seconds total. (Id., pp. 12–13; Def. Ex. 1. at 5:38–5:44; 5:54–6:28.) Defendant argues that the officers' conversations at the patrol car—which lasted a little over one minute—further impermissibly prolonged the stop. (Doc. No. 48, p. 27; Def. Ex. 1 at 8:20–8:54; 9:15–9:27.) Defendant also argues Officer Miller's decision to leave Defendant's license and paperwork on the dashboard of the squad car and return to Defendant's vehicle while awaiting the results of a warrant check prolonged the stop. (Id., pp. 23–24.) Finally, Defendant argues the stop was prolonged because Officer Stapleton did not assist Officer Miller with completing the traffic ticket-related tasks. (Id., pp. 33–35.) Defendant argues the cumulative effect of these actions resulted in an impermissibly prolonged stop, therefore when Officer Miller smelled marijuana[3] the Fourth Amendment violation was already complete, and the evidence must be suppressed.

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "A traffic stop is a 'seizure' within the meaning of the Fourth Amendment and must be reasonable under the circumstances." United States v. Palmer, 820 F.3d 640, 648 (4th Cir. 2016) (citing Delaware v. Prouse, 440 U.S. 648, 653–54 (1979)). "Authority for the seizure . . . ends when tasks tied to the traffic infraction are—or reasonably should have been—completed." Rodriguez v. United States, 575 U.S. 348, 354 (2015). This includes addressing the traffic violation that warranted the stop and "attend[ing] to related safety concerns." Id. Because traffic stops are "especially fraught with danger to police officers," the Fourth Amendment also permits "negligibly burdensome precautions" that allow the officer "to complete his mission safety." Id. at 356. In

---

[3] Defendant also objects to the M&R's conclusion that Officer Miller detected the odor of marijuana based on a challenge to his credibility, but the Court has already overruled that objection.

evaluating the reasonableness of a stop, we consider "what the police in fact do," and whether the officers acted reasonably under the totality of the circumstances. Id. at 357.

Generally, "an officer's focus must remain on the bases for the traffic stop, and that the stop must be sufficiently limited in scope and duration to satisfy the conditions of an investigative seizure." Palmer, 820 F.3d at 649 (cleaned up). "[A]n officer cannot investigate another matter outside the scope of the initial stop unless he receives the motorist's consent or develops reasonable, articulable suspicion of ongoing criminal activity." Id. at 649–50. However, the Fourth Amendment "permits an officer to conduct an investigation unrelated to the reasons for the traffic stop as long as it '[does] not lengthen the roadside detention.'" United States v. Bowman, 884 F.3d 200, 210 (4th Cir. 2018) (quoting Rodriguez, 575 U.S. at 354). And officers may extend a traffic stop "beyond what is necessary to effectuate its original purpose" if the officer "posses[es] reasonable suspicion" of criminal activity or obtains consent. Id.; United States v. Miller, 54 F.4th 219, 228 (4th Cir. 2022).

Officers Miller and Stapleton initiated a valid traffic stop after observing Defendant driving a vehicle without a registration tag. Therefore, they were permitted to detain Defendant to expeditiously decide whether to issue him a traffic ticket, to complete ordinary inquiries related to the stop, and to take steps to ensure their safety and the safety of others on the road throughout the stop. Rodriguez, 575 U.S. at 355.

The Magistrate Judge relied on binding authority in United States v. Buzzard, 1 F.4th 198 (2021), to support the conclusion that Officers Miller and Stapleton did not unlawfully prolong the stop. Defendant's argument that applying Buzzard here "is a bridge too far" is not well taken. (Doc. No. 48, p. 29.) It is true that Buzzard is distinguishable from this case on several grounds. There, the officer was outnumbered, and the officer's question—whether there was anything

illegal in the car—could include dangerous firearms as well as illegal substances. 1 F.4th at 202. The Fourth Circuit agreed that the question "related to officer safety" and did not unlawfully prolong the stop not only because the officer was outnumbered but because of the time of night, the fact that the stop occurred in a high crime area, and the identity of one of the passengers, who was known to the officer. Id. at 203–04. The Court, like the Magistrate Judge, does not opine as to whether the events at the gas station created reasonable suspicion. However, Officer Miller took six seconds to ask about Defendant's relationship to the unknown man, who could have remained in the area. That inquiry was not unreasonable under the circumstances. And a thirty-four second exchange about the plastic bag, which was located in plain sight and appeared suspicious to Officer Miller, also did not impermissibly prolong the stop under the circumstances. Notably, once Defendant demonstrated it was simply an empty plastic bag, Officer Miller immediately turned back to traffic-related tasks.

Contrary to Defendant's objection, the M&R's reliance on Buzzard will not "insulate virtually any drug investigation from the reach of Rodriguez on officer-safety grounds." (Doc. No. 48, p. 30.) Rather, the Fourth Circuit's reasoning in Buzzard informed the Magistrate Judge's evaluation of the totality of the circumstances here. At bottom, Defendant's objection is premised on his characterization of the officers' actions as directed towards a drug investigation. But the M&R rejected that premise, as does the Court for the reasons set forth herein.

Defendant argues officer safety was not a legitimate concern under the totality of the circumstances because Officer Stapleton left Defendant's car once to confer with Officer Miller at the patrol vehicle and again to talk to Defendant's wife. (Doc. No. 48, p. 34.) The Court disagrees. During a traffic stop, stationing one officer at the seized vehicle is a legitimate method of ensuring officer safety. United States v. Hill, 852 F.3d 377, 384 (4th Cir. 2017). The Court is not convinced

10

Officer Stapleton's brief visit to the patrol car—which lasted one minute—renders this concern illegitimate. The arrival of a third-party on-scene, too, presents risks to officer safety and of escalation that Officer Stapleton mitigated by approaching Defendant's wife's vehicle and speaking with her. The Court concludes Officer Stapleton was permitted to take these steps even though she could have been assisting Officer Miller with traffic-ticket duties because she was "attend[ing] to related safety concerns," United States v. Perez, 30 F.4th 369, 378 (4th Cir. 2022) (quoting Rodriguez, 575 U.S. at 354), without unlawfully prolonging the stop. The Fourth Circuit has previously declined a defendant's invitation to conclude officers' decisions to "allocate duties at the scene of [a] traffic stop" violated the Fourth Amendment because the posted officer could have been assisting with writing the ticket of searching police databases. Hill, 852 F.3d at 384. Applying this same reasoning, the Court overrules Defendant's objection.

Defendant cites no law to support his objection that Officer Miller prolonged the stop when he left Defendant's paperwork on his dashboard and returned to Defendant's vehicle. (Doc. No. 48, pp. 35–36.) The Court agrees with the M&R that it was not unreasonable given Officer Miller was still awaiting the results of an out-of-state warrant check, and received those results only after he detected the odor of marijuana near Defendant's vehicle.

In his briefing and objections Defendant relies on United States v. Podbielski, No. 22-4084, 2023 WL 4888866 (4th Cir. Aug. 1, 2023). There, ample record evidence supported a conclusion that the officer involved *intentionally* delayed a traffic stop to wait for a K-9 unit to arrive on scene. Id. at *4–7. The officer unnecessarily read the entire citation aloud, which took five minutes; searched the database for civil summonses against Defendant; altered a criminal Court date for an unrelated matter against Defendant in violation of State law; and checked for outstanding child support obligations based solely on the presence of a local female passenger in the defendant's

11

vehicle. Id. Then, the officer seized the defendant for an additional minute after he had already issued citations and the defendant had asked if he was free to leave. Id. The record here does not support a similar conclusion. In fact, in Podbielski the United States abandoned any argument the stop was not impermissibly prolonged, and the Fourth Circuit only engaged in this analysis to explain why the United States's position was well-taken. Id. at *6.

The Court further concludes Officers Miller and Stapleton did not abandon their lawful missions of (1) determining whether Defendant had a valid registration and license; and (2) ensuring officer safety during the stop. Cf. United States v. Teasley, No. 3:22-cr-00083, 2023 WL 2599019, at *6 (W.D.N.C. Mar. 22, 2023) ("[B]y this point in the traffic stop, Officer Smith had declined to pursue in any way the expired registration."). When he detected the odor of marijuana, Officer Miller was awaiting the results of an out-of-state warrant check, a reasonable inquiry given Defendant previously explained he and his wife recently moved to the Charlotte area from Ohio.

The stop and all actions occurring before Officer Miller detected the odor of marijuana took place within approximately twelve minutes. The Fourth Amendment requires law enforcement officers conducting a traffic stop to complete their tasks with *reasonable* diligence, not perfect efficiency. Indeed, Rodriguez does not require courts to "second-guess the logistical choices and actions of a police officer that, individually and collectively, were completed diligently within the confines of a lawful traffic stop." Hill, 852 F.3d at 384. For the foregoing reasons, the Court OVERRULES Defendant's objections to the M&R's conclusion that the Officers did not unreasonable delay the traffic stop or depart from the mission of the stop.

12

**B.      Search of the Vehicle**

Defendant objects to the Magistrate Judge's conclusion that the odor of marijuana gave the Officer Miller probable cause to search the vehicle. (Doc. No. 48, p. 47.) Specifically, he objects to the Magistrate Judge's application of the law regarding the odor of marijuana because a similar substance, hemp, is now legal in North Carolina and federally. (Id., pp. 48-53.)

It is well-settled law that "[w]hen an officer performing a traffic stop can detect the odor of an illegal substance coming from the stopped vehicle, the officer then possesses probable cause to search that vehicle." United States v. Davis, No. 20-4315, 2022 WL 94529, at *1 (4th Cir. Jan. 10, 2022) (citing United States v. Lewis, 606 F.3d 193, 198 (4th Cir. 2010) (affirming denial of motion to suppress; "As soon as the officers on scene smelled marijuana, they possessed probable cause to search the vehicle, and they were entitled to order [the defendant] out of the vehicle while their search was accomplished.")); see also Palmer, 820 F.3d at 650 ("an officer's detection of marijuana odor is sufficient to establish such probable cause") (citing United States v. Carter, 300 F.3d 415, 422 (4th Cir. 2002)); United States v. Simon, 600 F. App'x 89, 91 (4th Cir. 2015) ("We have repeatedly held than an officer who smells marijuana upon approaching a vehicle during a lawful traffic stop has probable cause to search those parts of the vehicle where that marijuana may be contained.") (citations omitted).

Defendant argues the odor of marijuana alone is insufficient to support probable cause because hemp—which Defendant argues creates the same odor as marijuana—is legal in North Carolina and under federal law. As the Magistrate Judge noted, this Court has already declined to adopt the "odor plus" standard for which Defendant advocates. United States v. Harris, Case No. 3:22-CR-00018, 2023 WL 5994638 (W.D.N.C. Sept. 14, 2023). Defendant's argument correctly acknowledges the Fourth Circuit has not opined on the question of an "odor plus" since the federal

13

and state governments legalized hemp (Doc. No. 48, p. 41.) And Defendant also acknowledges that while his motion was pending North Carolina's state courts affirmed the odor of marijuana alone still supports probable cause. State v. Little, 905 S.E.2d 907, 917–18 (N.C. Ct. App. 2024); State v. Schiene, 907 S.E.2d 87, 91–93 (N.C. Ct. App. 2024).

Accordingly, a searched based on the odor of marijuana—notwithstanding any similarity to the smell of legal hemp—does not negate a finding of probable cause because law enforcement's conduct must be reasonable under the circumstances. Reasonableness does not require conclusive proof of criminal activity. Here, Officer Miller testified he smelled the odor of marijuana immediately upon returning to Defendant's vehicle, after Defendant's cigarette had been extinguished. While Defendant challenges the credibility of that testimony, the Magistrate Judge—sitting as the fact-finder—found it to be credible. Under existing Fourth Circuit and North Carolina precedent, this provided probable cause to search Defendant's vehicle. See, e.g. Lewis, 606 F.3d at 198; Carter, 300 F.3d at 422.

**C.     Clear Error Review**

As set forth above, the Court overrules Defendant's specific objections to the M&R. The M&R's remaining conclusions, therefore, are reviewed for clear error. In the absence of a specific, proper, and timely objection, the Court need not give any explanation for adopting the M&R. Diamond, 416 F.3d at 315; Camby, 718 F.2d at 200. Having carefully reviewed the M&R, the Court finds no clear error as to its findings and conclusions beyond those outlined above. Accordingly, the Court **AFFIRMS** the remainder of the M&R.

**IT IS THEREFORE ORDERED** that, for the foregoing reasons, the Magistrate Judge's M&R, (Doc. No. 41), is **AFFIRMED and ADOPTED**, Defendant's Objections to the M&R,

14

Case 3:23-cr-00208-FDW-SCR     Document 50     Filed 02/21/25     Page 14 of 15

(Doc. No. 48), are **OVERRULED**, and Defendant's Motion to Suppress, (Doc. No. 28), is **DENIED**.

    **IT IS SO ORDERED.**

Signed: February 21, 2025

Frank D. Whitney
Senior United States District Judge